# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON NATHANIEL HOLLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-CV-277-GKF-FHM |
| ) | |
| JOSEPH TAYLOR, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate appearing *pro se*, filed his petition (Dkt. # 1) on May 5, 2011. On May 17, 2011, Petitioner filed a "motion to amend or add to brief" (Dkt. # 7), providing additional facts and argument supporting his claims raised in grounds III and VII of the petition. By Order filed May 18, 2011 (Dkt. # 8), the Court adjudicated the "motion to amend" as a motion to supplement grounds III and VII, granted the motion, and directed Respondent to respond to the petition and the allegations contained in the "motion to amend."

On June 15, 2011, Respondent filed a motion to dismiss (Dkt. # 9), alleging that the petition is a "mixed petition," containing both exhausted and unexhausted claims. Petitioner filed a response (Dkt. # 11) to the motion to dismiss. On August 10, 2011, Petitioner filed a motion to dismiss (Dkt. # 14) asking the Court to dismiss this action without prejudice to allow him "to go back and file a post-conviction to exhaust state court remedies." On August 19, 2011, Petitioner filed another document (Dkt. # 17) stating "I did not really wish to dismiss my appeal at this court but I was told that there is a chance it could be totally dismissed with no chance for me to go back." For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice in its entirety for failure to exhaust state remedies. However, the Court further

finds that Petitioner should be afforded the opportunity to file an amended petition containing only exhausted claims and deleting unexhausted claims. Should Petitioner file an amended petition containing only exhausted claims, Respondent's motion to dismiss will be declared moot. In light of this Opinion and Order, Petitioner's motion to dismiss shall be declared moot.

## *BACKGROUND*

The record reflects that in Ottawa County District Court, Case No. CF-2009-188A, Petitioner was convicted by a jury of Conjoint Robbery (Count 1), After Former Conviction of Two or More Felonies, and Unlawful Entry (misdemeanor) (Count 2). He was tried jointly with his brother and co-defendant, Jeremy Holland. On January 15, 2010, the trial court sentenced Petitioner in accordance with the jury's recommendation to forty-five (45) years imprisonment on Count 1, and one year in the county jail and a $500.00 fine on Count 2, with the sentences to be served concurrently. At trial, Petitioner was represented by attorney Scott Goode.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Virginia Sanders, raised the following eight (8) propositions of error:

| | |
|---|---|
| Proposition I: | The verdict form in Count 1 was not in proper form and was never signed, thereby invalidating Appellant's 45-year sentence and mandating a reversal of Jason Holland's conviction for Conjoint Robbery. |
| Proposition II: | Improper jury instruction on the definition of "fear," a required element of Conjoint or Second Degree Robbery, renders Appellant's conviction unconstitutional and invalid. |
| Proposition III: | The evidence presented was insufficient to prove Appellant guilty of Conjoint Robbery beyond a reasonable doubt. |

| | |
|---|---|
| Proposition IV: | Prejudicial evidence of prior bad acts and bad character was improperly admitted as evidence of guilt without any probative value and without any prior notice to Appellant. |
| Proposition V: | The sentence imposed against Jason Holland is excessive and should be favorably modified. |
| Proposition VI: | Appellant was denied his due process right to be present at all critical stages of his jury trial when he was not present in chambers while peremptory challenges were exercised. |
| Proposition VII: | Jason Holland was prejudiced by ineffective assistance of counsel. |
| Proposition VIII: | The cumulative effect of all these errors deprived Appellant of a fair trial and warrants relief for Jason Holland. |

See Dkt. # 10, Ex. 1. In an unpublished Summary Opinion filed November 8, 2010, in Case No. F-2010-110, the OCCA affirmed Petitioner's Judgment and Sentence. See Dkt. # 10, Ex. 3. Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court or post-conviction relief in the state courts.

In his habeas petition (Dkt. # 1), filed May 5, 2011, Petitioner identifies eight (8) grounds of error. The titles of the grounds of error in the petition match the titles of the grounds of error raised on direct appeal. See Dkt. # 1. On May 17, 2011, Petitioner filed a "motion to amend or add to brief," seeking to expand the allegations set forth in Propositions III and VII of the petition. In response to the petition (Dkt. #s 9 and 10), Respondent argues that the petition, coupled with the additional assertions made in the "motion to amend or add to brief," constitute a "mixed petition" and should be dismissed without prejudice for failure to exhaust state remedies.

*ANALYSIS*

The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal

claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991). To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). To satisfy the exhaustion requirement, a prisoner must afford the state court the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," Picard, 404 U.S. at 277 (quotation omitted; brackets in original), which entails presentation both of the facts on which he bases his claim and the constitutional claim itself. Wilson v. Workman, 577 F.3d 1284, 1292 (10th Cir. 2009) (citations omitted).

In the motion to dismiss for failure to exhaust state court remedies, Respondent asserts that part of ground seven, ineffective assistance of counsel, as stated in the petition and the "motion to amend or add to brief," is unexhausted. The Court agrees. Upon review of the petition and the "motion to amend or add to brief," the Court finds that grounds 1, 2, 3, 4, 5, 6, and 8 of the petition are exhausted. However, only part of ground 7 is exhausted. On direct appeal, Petitioner identified six (6) instances of ineffective assistance of counsel. In ground seven of his habeas petition, Petitioner raises the same six (6) instances, but adds a seventh: that trial counsel provided ineffective assistance in failing to sufficiently argue that the element of "fear" was completely lacking in

4

commission of Count 1. While the first six instances were raised on direct appeal and are exhausted, the seventh claim is unexhausted because it was not fairly presented to the OCCA on direct appeal. Also, any additional claim of ineffective assistance of counsel identified by Petitioner in his "motion to amend or add to brief" that was not raised on direct appeal is also unexhausted. Therefore, the instant petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to dismissal without prejudice in its entirety. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief). Furthermore, Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief.

In response to the motion to dismiss, Petitioner states that he raised several claims of ineffective assistance of counsel in a *pro se* petition for rehearing submitted for filing after the OCCA entered its direct appeal opinion. See Dkt. # 11, attached motion for rehearing. In that motion, Petitioner argued that trial counsel provided ineffective assistance in failing to object to the errors raised in proposition I, II, IV, and VI of the direct appeal, and in failing to request a severance. By Order filed January 10, 2011, the OCCA rejected Petitioner's tendered motion for rehearing, finding that the motion was not filed in compliance with Rules 3.14 and 3.4(E), *Rules of the Court of Criminal Appeals*. See Dkt. # 11, attached Order.

The Court finds that the exhaustion requirement is not satisfied for claims first raised in the petition for rehearing. The Supreme Court has held that where a constitutional challenge to a state court conviction has been presented to the state courts "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor[, r]aising the claim in such a fashion does not ... constitute fair presentation." Castille v.

Peoples, 489 U.S. 346, 351 (1989) (internal quotation marks and citation omitted). Given that the identified claims of ineffective assistance of counsel were raised for the first time in his motion for rehearing and that the OCCA did not consider the claims presented in the motion based on Petitioner's failure to comply with procedural rules, such claims have not been fairly presented to the State's highest court for purposes of exhaustion. See Castille, 489 U.S. at 351 ("The Court of Appeals below held ... that the submission of a new claim to a State's highest court on discretionary review constitutes a fair presentation. We disagree."); see also St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir.2004) ("[R]aising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient for exhaustion purposes.") (citing Castille, *supra*); Scott v. Franklin, 122 Fed. Appx. 980, 983 (10th Cir. 2005) (unpublished). Accordingly, the Court rejects Petitioner's claim that he exhausted certain claims of ineffective assistance of counsel by raising them for the first time in a petition for rehearing.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statue of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275.

In this case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period. Significantly, the pendency of this federal action does not serve to toll the limitations period. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statue

6

of limitations is not tolled during the pendency of a federal petition). The one year limitations deadline has not yet passed.[1] Although Petitioner has more than five (5) months remaining in his one year limitations period, he nonetheless runs the risk of being precluded from returning to federal court after exhausting his claims should this petition be dismissed without prejudice.

Should Petitioner decide to return to state court to exhaust state court remedies, he will be required to file an application for post-conviction relief in Ottawa County District Court, Case No. CF-2009-188A, raising his unexhausted claims. He will also be required to demonstrate "sufficient reason" for his failure to raise the claims on direct appeal. See Okla. Stat. tit. 22, § 1086. For example, Petitioner may attribute the omission of the claims on direct appeal to ineffective assistance of appellate counsel. If so, Petitioner will be required to exhaust any claim of ineffective assistance of appellate counsel by raising the claim in his application for post-conviction relief. The running of the federal limitations period will be suspended as of the date Petitioner files his application for post-conviction relief and will remain suspended during the pendency of his properly filed post-conviction application. See 28 U.S.C. § 2244(d)(2). If Petitioner fails to obtain post-conviction relief, the one-year limitation period will resume running when the OCCA enters its

---

[1] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on February 7, 2011, or 90 days after the OCCA affirmed his conviction on direct appeal on November 8, 2010, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). The Court notes that the petition for rehearing does not serve to extend the limitations deadline because it was not "timely filed." See Rule 13(3), *Rules of the Supreme Court of the United States*. Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on February 8, 2011, and his deadline for filing a timely petition for writ of habeas corpus is February 8, 2012. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner's deadline more than five (5) months away.

Order denying post-conviction relief and Petitioner will have to file a federal habeas petition containing only exhausted claims in the amount of time remaining in the one-year period.

Although the Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims, Rhines, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

While a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and to proceed with the exhausted claims. See Rhines, 544 U.S. at 278. Therefore, the petition will be dismissed without prejudice to refiling after Petitioner exhausts his state court remedies, unless within twenty-one (21) days of the entry of this Order, Petitioner files an amended petition containing only his exhausted claims presented in Grounds 1, 2, 3, 4, 5, 6, and 8, as well as those claims of ineffective assistance of counsel raised in Proposition VII on direct appeal. If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

Petitioner is cautioned that if he chooses to file an amended petition to assert only the exhausted claims identified herein, he may face significant obstacles if, in a subsequent habeas petition, he raises the claims that are currently unexhausted. Most notably, a subsequent habeas

petition attacking Petitioner's convictions entered in Ottawa County District Court may be characterized as "second and successive" which would require the Tenth Circuit Court of Appeals' pre-authorization to proceed. See 28 U.S.C. § 2244(b); see also Tapia v. Lemaster, 172 F.3d 1193, 1194-96 (10th Cir. 1999); Brown v. Shanks, 185 F.3d 1122, 1125 n.4 (10th Cir. 1999).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2. Within twenty-one (21) days of the entry of this Order, Petitioner may file an amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files an amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

3. Should Petitioner fail to file an amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the amended petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

4. Petitioner's motion to dismiss (Dkt. # 14) is **declared moot**.

DATED THIS 23rd day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma